## Case No. 13,480.

### STOKES et al. v. KENDALL.

[1 Hayw. & H. 70.] [1]

Circuit Court, District of Columbia. April 12, 1842.

PRACTICE AT LAW—SPECIAL VERDICT—JUDGMENT.

A jury had given a special verdict on a declaration containing five counts, whereupon the defendant moved in arrest of judgment because the several counts did not set forth any sufficient cause or causes of action, and the plaintiffs moved to enter the verdict on the 1st and 5th counts, and nolle prosequi the others. The court allowed the latter and denied the former motions.

[This was an action at law by William B. Stokes and others against Amos Kendall.] Motion in arrest of judgment.

Richard S. Coxe, for plaintiffs.

Walter Jones and Richard Dent, for defendant.

The defendant, by his attorneys, appeared and prayed that judgment on the verdict of the jury be arrested and that judgment be rendered for the defendant, because the plaintiffs' declaration, and all and singular, the several counts therein do not set forth any sufficient cause or causes of action whereby to charge the defendant in the premises, and because the said declaration and all, or some one of the said counts therein, are wholly insufficient in form and substance. Whereupon the counsel for the plaintiffs submitted the

following motion: To enter the verdict upon the 1st and 5th counts of the declaration, and nolle prosequi on the 2d, 3d and 4th counts.

THE COURT gave the following judgment: Whereupon all and singular the premises being here seen and fully understood, and after argument of counsel being heard, and mature deliberation being thereupon had, it is considered by the court here that the motion of the defendant. heretofore made by his attorney aforesaid, to arrest the judgment of the court in the premises, be and the same is hereby overruled, and that as to the 1st and 5th counts in the declaration, the aforesaid plaintiffs recover against the said defendant as well the sum of $11,000, their damages aforesaid, by the jurors in form aforesaid assessed, to be sustained by reason of the charges as aforesaid contained in the said 1st and 5th counts of the declaration, with interest from the 17th of March, 1842, as the sum of $68.67 by the court here unto them, the said plaintiffs, as their assent adjudge for the costs and charges by them about their suit in this behalf laid out and expended, and as to the 2d, 3d and 4th counts of the declaration, it is also considered by the court here that the aforesaid plaintiffs take nothing of their writ and declaration aforesaid, &c.

The defendant excepted to the judgment of the court as follows:

Mem.—After (at the last term of this court at the trial of this cause) the plaintiffs had produced to the jury evidence under all the counts of their declaration, the court had instructed the jury on the competency of the evidence and on the plaintiffs' right of action under each and every of the said counts, as appears by the said bills of exception, the jury had returned a general verdict on the whole declaration which had been recorded as aforesaid, which verdict was returned on the last day of the term and immediately upon the rendition thereof the court adjourned until the ensuing term, the defendant had filed his motion in arrest of judgment as aforesaid before such adjournment, and the said motion had been continued to this term, as aforesaid; the plaintiffs now here at this term make the above motion, to which motion the defendant, by his counsel, objected, and the court now here, after argument of defendant's said motion in arrest of judgment, having overruled the same and entered judgment as moved by the plaintiffs, to all which proceedings the defendant. by his counsel, excepts and prays and moves the judgment so entered on the said two counts be arrested for error in the procedure aforesaid, and that judgment be rendered for the defendant, which last mentioned prayer and motion was overruled by the court.

NOTE. At the November term of 1840 judgment was entered against the defendant. At the March term of 1841 a motion was made by the said defendant for a new trial, because the verdict was against the law as laid down by the court, and against evidence, and because the damages are excessive and influenced by evidence of expenses and other special damage which the court had expressly ruled out upon the only count of the declaration under which the damages were assessed by the jury. The court granted the motion and gave the plaintiffs leave to amend their declaration. The declaration as amended contained five counts, and the verdict of the jury was upon the whole declaration.

[See note to Case No. 13,479.]